UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| ANTONIETTER ALLEN WHITE, § § *Plaintiff,* § § v. § § EVO MERCHANT SERVICES LLC, § § *Defendant.* § | Civil Action No. 3:21-CV-01333-X |

## MEMORANDUM OPINION AND ORDER

Before the Court is Defendant EVO Merchant Services, LLC's (EVO) motion to dismiss. [Doc. No. 11]. For the reasons explained below, the Court **GRANTS** the motion and **DISMISSES** Plaintiff Antonietter Allen White's claim **WITH PREJUDCICE**. A separate final judgment will follow.

### I.   Factual Background

White filed this action against her former employer asserting a single claim for wrongful termination under the Americans with Disabilities Act (the Act). EVO then filed the instant motion to dismiss. EVO contends that White's claim should be dismissed because she did not timely exhaust her administrative remedies under the Act before filing this suit. White did not respond to the motion.

### II.   Legal Standard

Under Federal Rule of Civil Procedure 12(b)(6), the Court evaluates the pleadings by "accepting all well-pleaded facts as true and viewing those facts in the

1

light most favorable to the plaintiff."[1] To survive a motion to dismiss, the claimant must allege enough facts "to state a claim to relief that is plausible on its face."[2] "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."[3] "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully."[4] "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'show[n]'—'that the pleader is entitled to relief.'"[5] In ruling on the motion to dismiss, the Court "may rely on the complaint, its proper attachments, documents incorporated into the complaint by reference, and matters of which a court may take judicial notice."[6]

"Before a plaintiff may file her [Americans with Disabilities Act] claim in federal court, she must exhaust her administrative remedies."[7] To do so, she "must file a charge of discrimination with the [Equal Employment Opportunity Commission] within 180 days of 'the alleged unlawful employment practice,' or within 300 days if the charge is filed with a state or local agency."[8] "In Texas, the plaintiff

---

[1] *Stokes v. Gann*, 498 F.3d 483, 484 (5th Cir. 2007).

[2] *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

[3] *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

[4] *Id.*; *see also Twombly*, 550 U.S. at 545 ("Factual allegations must be enough to raise a right to relief above the speculative level . . . .").

[5] *Iqbal*, 556 U.S. at 679 (quoting FED. R. CIV. P. 8(a)(2)).

[6] *Wolcott v. Sebelius*, 635 F.3d 757, 763 (5th Cir. 2011) (cleaned up).

[7] *Patton v. Jacobs Eng'g Grp., Inc.*, 874 F.3d 437, 443 (5th Cir. 2017).

[8] *Id.* (quoting 42 U.S.C. § 2000e–5(e)(1)).

must file [her Commission] charge within 300 days of the alleged unlawful action."[9] "[T]he limitations period . . . begins to run from the time the complainant knows or reasonably should have known that the challenged act has occurred."[10]

### III. Analysis

White alleges that EVO terminated her employment on January 24, 2020. So, her Commission charge was due November 19, 2020. Her complaint does not mention her Commission charge, but EVO attached White's Charge of Discrimination and the Notice of Charge of Discrimination to its motion to dismiss.[11] These documents show that White signed and the Commission received her Charge of Discrimination on February 12, 2021—over two months after the 300-day time period had expired. White therefore failed to timely exhaust her administrative remedies before filing this suit, and her claim must be dismissed.[12]

---

[9] *Owens v. Dall. Cnty. Cmty. Coll. Dist.*, 793 F. App'x 298, 301 (5th Cir. 2019).

[10] *Ramirez v. City of San Antonio*, 312 F.3d 178, 181 (5th Cir. 2002) (cleaned up).

[11] "[D]ocuments that a defendant attaches to a motion to dismiss are considered part of the pleadings if they are referred to in the plaintiff's complaint and are central to her claim." *Carter v. Target Corp.*, 541 F. App'x 413, 416 (5th Cir. 2013) (cleaned up). These documents were not referenced in the complaint, so this exception does not apply. *See Rollerson v. Brazos River Harbor Navigation Dist. of Brazoria Cnty.*, 6 F.4th 633, 639 n.3 (5th Cir. 2021). But the Court may take judicial notice of Commission documents as a matter of public record in deciding motions to dismiss. *See, e.g.*, *King v. Life Sch.*, 809 F. Supp. 2d 572, 579 n.1 (N.D. Tex. 2011) (Ramirez, J.) ("Even though the [Commission] charge is a matter outside the pleading, judicial notice of it may be taken as a matter of public record when deciding a Rule 12(b)(6) motion, especially since its authenticity is uncontested."); *Prewitt v. Cont'l Auto.*, 927 F. Supp. 2d 435, 447 (W.D. Tex. 2013) (collecting cases). White did not respond to the motion to dismiss and therefore did not contest the validity of the Commission charge.

[12] *Owens*, 793 F. App'x at 301 ("Charges are considered filed when the [Commission] receives the document.").

Because White cannot cure her failure to timely file her Commission charge with an amended pleading, the Court concludes amendment would be futile and dismisses her claim with prejudice.[13]

## IV. Conclusion

For the foregoing reasons, the Court **GRANTS** EVO's motion to dismiss and **DISMISSES** White's claim **WITH PREJUDICE**. A separate final judgment will follow.

**IT IS SO ORDERED** this 22nd day of March, 2022.

_____
BRANTLEY STARR
UNITED STATES DISTRICT JUDGE

---

[13] *Clinton v. Dall. Indep. Sch. Dist.*, No. 3:17-CV-2981-S, 2019 WL 1411474, at *9 (N.D. Tex. Mar. 27, 2019) (Scholer, J.) ("Because Plaintiff has not exhausted administrative remedies with respect to the remainder of his claims, the Court finds that amendment would be futile." (citing *Ballard v. Devon Energy Prod. Co.*, 678 F.3d 360, 364 (5th Cir. 2012) ("Denial of leave to amend may be warranted for . . . futility of a proposed amendment."))); *see also Arias v. Amazon Fulfillment*, No. 4:18-CV-00141-O-BP, 2019 WL 1230369, at *7 (N.D. Tex. Feb. 19, 2019) (Ray, J.) (denying leave to replead because the plaintiff could not "at this late date exhaust her administrative remedies by filing another Charge of Discrimination with the [Commission]"), *report and recommendation adopted*, No. 4:18-CV-00141-O-BP, 2019 WL 1227715 (N.D. Tex. Mar. 15, 2019) (O'Connor, J.).